**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STANLEY L. NIBLACK, | : |
| Plaintiff, | : Civil No. 10-2018 (RBK) |
| v. | : |
| HOPE HALL, et al., | : OPINION |
| Defendants. | : |

**APPEARANCES:**

    STANLEY L. NIBLACK, Plaintiff pro se
    204 Stevenson Avenue
    Edgewater, New Jersey 08010

**KUGLER**, District Judge

Plaintiff, Stanley L. Niblack, a pro se litigant presently residing in Edgewater, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

Plaintiff, Stanley L. Niblack ("Niblack"), brings this civil action against the following defendants: Hope Hall; Albert J. Bosher, Program Director at Hope Hall; Bill Wilson, Director of Treatment at Hope Hall; Patricia McKerman, Chief Operating Officer of Volunteers of America Delaware Valley Facilities; Mr. Husted, Operations Counselor; Michael Marshall, Director of Operations at Hope Hall; Daniel L. Lombardo, President/CEO of Hope Hall; Volunteers of America Delaware Valley; Marcus O. Hicks, Director of Community Release Programs for the New Jersey Department of Corrections ("NJDOC"); Gary M. Lanigan, NJDOC Commissioner; and the NJDOC.  (Complaint, Caption and ¶¶ 4-13). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Niblack alleges that, on or about February 24, 2010, he was transferred by the NJDOC to Hope Hall in Camden, New Jersey.  On March 24, 2010, Niblack took his prescribed medication at 6:30 in the morning.  That same day, Niblack requested Mr. Husted to give him his medications because Niblack was being discharged that

day.  Husted told plaintiff that he would give him the medications upon discharge.  Niblack contends that he did not receive his medications on March 24, 2010.  (Compl., ¶¶ 15, 17-20).

On March 26, 2010, Niblack called Mr. Marshall and was told by Ms. Sanders to come and pick up his medication.  However, when plaintiff arrived, his medications could not be found.  Mr. Marshall promised plaintiff that he would locate the medication and call plaintiff to come back in a couple hours.  The medications still could not be located after several hours.  (Compl., ¶¶ 22-25).

On March 31, 2010, plaintiff wrote a letter complaint to defendants McKerman, Lanigan, Lombardo, Hicks, Bosher and Marshall, without success in obtaining his medications.  On April 6, 2010, Marshall called plaintiff to inform him that he would get new prescriptions to replace plaintiff's medications and asked for the names of the medications.  On April 14, 2010, plaintiff still had not received his medications.  (Compl., ¶¶ 26-29).  Niblack filed this Complaint on or about April 21, 2010.

Niblack asserts that defendants denied him his medications in retaliation for plaintiff filing grievances and complaints in violation of his First Amendment rights and in violation of his right to due process under the Fourteenth Amendment.  (Compl., ¶¶ 33-36; 41-43).  He also alleges that defendants violated his

Eighth Amendment right against cruel and unusual punishment by denying him medication. (Compl., ¶¶38, 39).

Niblack also asserts various state law violations against the defendants. (Compl., ¶¶ 45-50). He seeks declaratory relief and punitive, compensatory and special damages in excess of $11 million. (Compl., Prayer for Relief).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

A district court is required to review a complaint in a civil action in which a litigant is proceeding in forma pauperis, to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the

6

misconduct alleged." Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

7

  context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

  This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  ANALYSIS

#### A.  Retaliation Claims

 "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229

F.3d 220, 225 (3d Cir. 2000)).  See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

Based on the allegations as set forth above, this Court finds that Niblack fails to state a retaliation claim against the defendants.  Niblack merely recites the legal conclusions for a retaliation claim and does not allege what grievances or complaints he filed that purportedly caused defendants to retaliate against him.  Rather, Niblack alleges only threadbare recitals of the elements of a cause of action, supported only by mere conclusory statements, which is not sufficient under Rule 8 to state a cognizable claim.  See Iqbal, 129 S.Ct. at 1949-50.  Therefore, Niblack's claims of retaliation under either the First or Fourth Amendments will be dismissed for failure to state a claim at this time.

B.  Denial of Medical Care Claim

It appears that Niblack is asserting an Eighth Amendment denial of medical care claim against defendants based on their failure to provide him with his medications.  The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set

forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to

his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays

11

necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

    This Court finds, based on the allegations of the Complaint, that Niblack has failed to show deliberate indifference by defendants.  In fact, he admits that Mr. Marshall was attempting to re-order plaintiff's medications, and there was no significant delay in his actions to obtain plaintiff's medications.  Moreover, Niblack fails to show serious medical need.  While he states these are prescribed medications, he does not allege that he suffered any medical consequences from not receiving his medications and he did take his medication on the day he was discharged from Hope Hall.  In addition, Niblack is no longer confined and has the ability to obtain medications if needed outside of Hope Hall, namely, he can go to the hospital if

12

necessary.  Accordingly, any denial of medical care claim under the Eighth Amendment must be dismissed for failure to state a cognizable claim under § 1983 because Niblack has not demonstrated deliberate indifference by the named defendants.

C.  <u>State Law and Common Law Claims</u>

   Because this Court has dismissed all asserted claims over which it has original federal jurisdiction, the Court will decline supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over all remaining state and common law claims. Therefore, the Complaint will be dismissed in its entirety as against all defendants at this time.

IV.  CONCLUSION

   Therefore, for the reasons set forth above, plaintiff's First and Fourteenth Amendment retaliation claims will be dismissed without prejudice, in their entirety as against all named defendants, for failure to state a cognizable claim at this time.  Further, plaintiff's Eighth Amendment claim will be dismissed with prejudice against all named defendants for failure to state a cognizable claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The remaining Counts asserting general claim of violations of state law and common law will be dismissed as

13

the Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).  An appropriate order follows.

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge
Dated: November 29, 2010